Galvin B. Kennedy (*pro hac vice* admission pending)
Gkennedy@kennedyhodges.com
Texas State Bar No. 00796870
Beatriz Sosa-Morris (*pro hac vice* admission pending)
bsosamorris@kennedyhodges.com
Texas State Bar No. 24076154
KENNEDY HODGES, LLP
711 W. Alabama St.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116
Gkennedy@kennedyhodges.com

**LEAD ATTORNEY IN CHARGE FOR
PLAINTIFFS AND CLASS MEMBERS**

LOCAL COUNSEL:
Michelle R. Matheson  #019568
MATHESON & MATHESON, P.L.C.
15300 N. 90th Street, Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MERRY MEARS, SHANNON STARR, and DEYNONNA WALLACE, on Behalf of themselves and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> BLISS SHOWCLUB and ANTHONY DELLHEIM, Individually, <br><br> Defendants. | No. <br><br><br><br><br> **COLLECTIVE AND CLASS ACTION COMPLAINT** <br><br> **(JURY TRIAL REQUESTED)** |

Plaintiffs Merry Mears, Shannon Starr, and Deynonna Wallace, on behalf of themselves and on behalf of all others similarly situated, allege as follows:

## **SUMMARY**

1.      Bliss Showclub and Anthony Dellheim (hereinafter collectively referred to as "Defendants") required and/or permitted Merry Mears, Shannon Starr, and Deynonna Wallace (hereinafter "Plaintiffs") to work as exotic dancers at their adult entertainment club in excess of forty (40) hours per week, but refused to compensate them at the applicable minimum wage and overtime rates.  In fact, Defendants refused to compensate Plaintiffs whatsoever for any hours worked.  Plaintiffs' only compensation was in the form of tips from club patrons.  Moreover, Plaintiffs were required to divide their tips with Defendants and other employees who do not customarily receive tips.  Therefore, Defendants have failed to compensate Plaintiffs at the federally-mandated minimum wage rate.

2.      Defendants' conduct violates the Fair Labor Standards Act (FLSA), which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay.  *See* 29 U.S.C. § 207(a).

3.      Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision.  *See* 29 U.S.C. § 206.

4.      Plaintiffs bring a collective action to recover the unpaid overtime compensation and minimum wage owed to them individually and on behalf of all other

similarly situated employees, current and former, of Defendants in Arizona.   Members of the Collective Action are hereinafter referred to as "FLSA Class Members."

5.      Additionally, Defendants' failure to compensate Plaintiffs and all other non-exempt employees at a rate equal to or in excess of Arizona's required minimum wage violates the Arizona Wage Act, ARIZ. REV. STAT. ANN. § 23-350, et seq., and the Arizona Minimum Wage Act, ARIZ. REV. STAT. ANN. § 23-363, et seq.   Plaintiff, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages and other damages owed under Arizona wage laws. Members of the Rule 23 Class Action are hereinafter referred to as the "Arizona Class Members."

## **SUBJECT MATTER JURISDICTION AND VENUE**

6.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.      This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because such claims do not raise novel or complex issues of state law, and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive.

8.      Venue is proper in the District of Arizona because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants operate an adult entertainment club that is located in this District.

## PARTIES AND PERSONAL JURISDICTION

9.     Plaintiff Merry Mears is an individual residing in Maricopa County, Arizona.  Her consent to this action is attached hereto as Exhibit "A."

10.     Plaintiff Shannon Starr is an individual residing in Maricopa County, Arizona.  Her consent to this action is attached hereto as Exhibit "B."

11.     Plaintiff Deynonna Wallace is an individual residing in Yavapai County, Arizona.  Her consent to this action is attached hereto as Exhibit "C."

12.     The FLSA Class Members and Arizona Class Members are all current and former exotic dancers who worked in Arizona at Defendants' adult entertainment club at any time starting three (3)  years before this Complaint was filed, up to the present.

13.     Defendant Bliss Showclub is a domestic for-profit company doing business in Phoenix, Arizona.  Defendant may be served with process by serving its registered agent/owner, Anthony Dellheim, at 1926 W. Deer Valley Road, Phoenix, Arizona 85027.

14.     Defendant Anthony Dellheim is an individual who resides in Maricopa County, Arizona.  He is the owner and registered agent of Defendant Bliss Showclub.  He may be served with process individually at the same address where he will be served as Defendant Bliss Showclub's registered agent, located at 1926 W. Deer Valley Road, Phoenix, Arizona 85027.

## STATUTORY COVERAGE

15.     At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

16.    At all material times, Defendants have been employers within the meaning of Ariz. Rev. Stat. Ann. § 23-350(3) and Ariz. Rev. Stat. Ann. § 23-362(B).

17.    The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee."  29 U.S.C. § 203(d).

18.    The FLSA statutory definition of "employer" includes corporate officers, participating shareholders, supervisors, managers, or other employees where that individual exercises some supervisory authority over employees and is responsible in whole or in part for the alleged violation.  *See id.*; *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971-72 (5th Cir. 1984).

19.    Defendant Anthony Dellheim is the owner and registered agent of Defendant Bliss Showclub.

20.    Defendant Dellheim is involved in the day-to-day business operations of Defendant Bliss Showclub.

21.    As the owner of Bliss Showclub, Defendant Anthony Dellheim employed the Plaintiff, FLSA Class Members, and Arizona Class Members as employees who danced for and entertained customers.

22.    Defendant Dellheim has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

23.     Defendant Anthony Dellheim controlled the nature, pay structure, and employment relationship of Plaintiff, FLSA Class Members, and Arizona Class Members.

24.     As such, pursuant to 29 U.S.C. § 203(d), ARIZ. REV. STAT. ANN. § 23-350(3), and ARIZ. REV. STAT. ANN. § 23-362(B), Defendant Anthony Dellheim acted directly or indirectly in the interest of Plaintiff's, FLSA Class Members' and Arizona Class Members' employment as their employer, which makes him individually liable under the FLSA and Arizona State Law.

25.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce.  29 U.S.C. § 203(s)(1).

26.     Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of $500,000.

27.     At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

28.     At all material times, Plaintiffs and the Arizona Class Members were employees of Defendants within the meaning of ARIZ. REV. STAT. ANN. § 23-350(2) and ARIZ. REV. STAT. ANN. § 23-362(A).

**FACTS**

29.     Defendants operate an adult entertainment club in Phoenix, Arizona under the name of "Bliss Showclub."

30.     Defendants employ exotic dancers at its aforementioned location.

31.    Plaintiff Merry Mears was previously employed as an exotic dancer at Defendants' adult entertainment club.

32.    Plaintiffs worked on a regular basis for Defendants' gentlemen establishment located in Phoenix, Arizona.

33.    Plaintiffs were compensated exclusively through tips from Defendants' customers.  That is, Defendants did not pay Plaintiffs whatsoever for any hours worked at their establishments.

34.    Furthermore, Defendants charge the Plaintiffs a "house fee" per shift worked.  Defendants also required Plaintiffs to share her tips with other non-service employees who do not customarily receive tips, including the "house mom," disc jockeys, and the bouncers.

35.    Finally, Defendants encourage their customers to tip dancers using "Bliss Chips" rather than cash.  Under this system, customers purchase Bliss Chips from the club using their credit cards.  Customers then redeem the Bliss Chips for dances with Plaintiffs and Class Members.  When Plaintiffs, FLSA Class Members, and Arizona Class Members turn in the certificates to the clubs for cash, Defendants do not return the full value to them, but instead retain a portion of the tips.  This resulted in Defendants taking a portion of the tips that should have been paid to the dancer.  This portion grossly exceeds the fee paid by the club as a merchant fee to the credit card companies.

36.    Defendants are in violation of the FLSA's tipped-employee compensation provision, 29 U.S.C. § 203(m), which requires employers to pay a tipped employee a minimum of $2.13 per hour.  Defendants also violated 29 U.S.C. § 203(m) when they

failed to notify the Plaintiffs about the tip credit allowance (including the amount to be credited) before the credit was utilized.  That is, Defendants' exotic dancers were never made aware of how the tip credit allowance worked or what the amounts to be credited were.  Furthermore, Defendants violated 29 U.S.C. § 203(m) because they did not allow Plaintiffs to retain all of their tips and instead required that they divide their tips amongst other employees who do not customarily and regularly receive tips.  Because Defendants violated the tip-pool law, Defendants lose the right to take a credit toward minimum wage.

37.    Furthermore, Defendants are in violation of Arizona's tipped-employee compensation provision, ARIZ. REV. STAT. ANN. § 23-363(C), which provides that "the employer may pay a wage up to $3.00 per hour less than the minimum wage if the employer can establish . . . that for each week, when adding tips received to wages paid, the employee received not less than the minimum wage for all hours worked." Defendants failed to compensate Plaintiffs with wages for any hours worked in violation of the Arizona Minimum Wage Act.

38.    Defendants illegally classified the dancers as independent contractors. However, at all times, Plaintiffs, FLSA Class Members, and Arizona Class Members were employees of Defendants.

39.    Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to the dancers.

40.     In addition, Defendants instructed the dancers about when, where, and how they were to perform their work.

41.     The following further demonstrates the dancers' status as employees:

a.      Defendants have the sole right to hire and fire the dancers;

b.      Defendants required dancers to complete an employee application as a prerequisite to their employment;

c.      Defendants made the decision not to pay  overtime;

d.      Defendants provide the dancers with music equipment and a performing stage;

e.      Defendants supervise the dancers;

f.      Defendants require that dancers purchase their uniforms;

g.      The dancers have made no financial investment with Defendants' business;

h.      Defendants schedule dancers and as such have sole control over their opportunity for profit;

i.      Defendants apply a fine to the dancers if they fail to follow Defendants' schedule; and

j.      The dancers were hired as permanent employees and have worked for Defendants for years.

42.     Defendants misclassified Plaintiffs, FLSA Class Members, and Arizona Class Members as independent contractors to avoid Defendants' obligation to pay them pursuant to the FLSA.

43.     Plaintiffs are not exempt from the overtime and minimum wage requirements under the FLSA.

44.     Although Plaintiffs and FLSA Class Members are required to and do in fact frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek. In fact, they receive no compensation whatsoever from Defendants and thus, Defendants violate the minimum wage requirement of the FLSA. *See* 29 U.S.C. § 206.

45.     Defendants' method of paying Plaintiffs in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.  Defendants misclassified Plaintiffs with the sole intent to avoid paying them in accordance to the FLSA.  There are multiple federal court opinions finding that this method of compensation is in violation of the FLSA, and therefore, Defendants' conduct is willful.

46.     Defendants' method of paying Plaintiffs and the Arizona Class Members was in violation of the Arizona Minimum Wage Act and Arizona Wage Law and was willful and not based on a good faith and reasonable belief that its conduct complied with Arizona Law.

47.     Further, Defendants failed to keep adequate records of Plaintiffs and FLSA Class Members' work hours and pay in violation of section 211(c) of the Fair Labor Standards Act. *See* 29 U.S.C. § 211(c).

48.     Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

a.     The time of day and day of week on which the employees' work week begins;

b.     The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c.     An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d.     The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e.     The hours worked each workday and total hours worked each workweek;

f.     The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

g.     The total premium for overtime hours.  This amount excludes the straight-time earnings for overtime hours recorded under this section;

h.     The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i.     The dates, amounts, and nature of the items which make up the total additions and deductions;

j.     The total wages paid each pay period; and

k.     The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

49.     Defendants have not complied with federal law and have failed to maintain such records with respect to the Plaintiffs and FLSA Class Members.   Because

Defendants' records are inaccurate and/or inadequate, Plaintiffs and FLSA Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.¸* 328 U.S. 680, 687 (1946).

## EQUITABLE TOLLING

50.     The doctrine of equitable tolling preserves a plaintiffs' full claim when a strict application of the statute of limitations would be inequitable.  *See Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757, 760–61 (9th Cir. 1981), *abrogated on other grounds by Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989).

51.     Equitable tolling is proper when an employer has engaged in misleading conduct.  Defendants intentionally misled the Plaintiffs into believing that Defendants were not required to pay them minimum wage and/or overtime for hours worked in excess of forty (40) hours per workweek.  Defendants coerced the Plaintiff, FLSA Class Members, and Arizona Class Members into believing that they were independent contractors.   Additionally, Defendants failed to place the necessary and required Department of Labor posters which inform workers of their rights.  Consequently, the Plaintiffs, FLSA Class Members, and Arizona Class Members were victims of fraud and unable to ascertain any violation taking place.

52.     Thus, the statute of limitations for the Plaintiffs, FLSA Class Members, and Arizona Class Members should be equitably tolled due to Defendants' fraudulent concealment of the Plaintiffs', FLSA Class Members' and Arizona Class Members'

rights.  Plaintiffs therefore seek to have the limitations period extended from the first date that Defendants used this covert payroll practice up to the time each Plaintiff joins this lawsuit.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (COLLECTIVE ACTION)

53.     Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

54.     Defendants' practice of failing to pay Plaintiffs and FLSA Class Members time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.  In fact, Defendants do not compensate them whatsoever for any hours worked.

55.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants or the Plaintiffs.

### COUNT II
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY THE MINIMUM WAGE
### (COLLECTIVE ACTION)

56.     Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

57.     Defendants' practice of failing to pay Plaintiffs and FLSA Class Members at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.   In fact, Defendants do not compensate them whatsoever for any hours worked and have violated the tip credit provision under the FLSA as described above.

58.     None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiff.

**COUNT III**
**VIOLATION OF ARIZONA MINIMUM WAGE ACT**
**FAILURE TO PAY MINIMUM WAGE**
**(CLASS ACTION)**

59.     Plaintiffs and Arizona Class Members incorporate all allegations contained in the foregoing paragraphs.

60.     Defendants' practice of willfully failing to pay Plaintiffs and Arizona Class Members wages at the rate of the Arizona Minimum Wage violates the Arizona Minimum Wage Act. ARIZ. REV. STAT. ANN. § 23-363(A), (C).  In fact, Defendants do not compensate them whatsoever for any hours worked and have violated the tipped-employee compensation provision under Arizona law as described above.

**COUNT IV**
**VIOLATION OF ARIZONA WAGE LAW**
**FAILURE TO PAY WAGES DUE**
**(CLASS ACTION)**

61.     Plaintiffs and Arizona Class Members incorporate all allegations contained in the foregoing paragraphs.

62.     Defendants' practice of willfully failing to pay Plaintiffs and Arizona Class Members wages for labor performed violates Arizona Wage Law. ARIZ. REV. STAT. ANN. § 23-351(C).  In fact, Defendants do not compensate them whatsoever for any hours worked.

## COLLECTIVE ACTION ALLEGATIONS

### A.    FLSA Class Members

63.    Plaintiffs bring this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers at any time during the three (3) years prior to the commencement of this action to present.

64.    Plaintiffs has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate.  That is, Plaintiffs work with other dancers in Phoenix, Arizona.  As such, she has first-hand personal knowledge of the same pay violations throughout Defendants' multiple establishments.  Furthermore, other exotic dancers at Defendants' various establishments have shared with her similar pay violation experiences as those described in this complaint.

65.     Other employees similarly situated to the Plaintiffs work or have worked for Defendants' gentlemen's club business, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek. Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

66.    Although Defendants permitted and/or required the FLSA Class Members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty.  Defendants have also denied them full compensation at the federally mandated minimum wage rate.

67.     FLSA Class Members perform or have performed the same or similar work as the Plaintiff.

68.     FLSA Class Members regularly work or have worked in excess of forty hours during a workweek.

69.     FLSA Class Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

70.     As such, FLSA Class Members are similar to Plaintiffs in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

71.     Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

72.     The experiences of the Plaintiffs, with respect to their pay, are typical of the experiences of the FLSA Class Members.

73.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

74.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

75.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

76.     Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula.  The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all FLSA Class Members.

77.     As such, Plaintiffs bring their FLSA overtime and minimum wage claims as a collective action on behalf of the following class:

> **The FLSA Class Members are all of Defendants' current and former exotic dancers who worked at the Bliss Showclub located in Phoenix, Arizona at any time starting three years before this Complaint was filed up to the present.**

### B.     Arizona Class Action

78.     Plaintiffs and the Arizona Class Members incorporate all preceding paragraphs as though fully set forth herein.

79.     Plaintiffs brings their Arizona wage claims as a Rule 23 class action on behalf of the following class:

> **The Arizona Class Members are all of Defendants' current and former exotic dancers who worked at the Bliss Showclub located in Phoenix, Arizona at any time starting three years prior to the filing of this Complaint through the present.**

80.     <u>Numerosity</u>.  The number of members in the Arizona Class is believed to be over one hundred (100).  This volume makes bringing the claims of each individual

member of the class before this Court impracticable.  Likewise, joining each individual member of the Arizona Class as a plaintiff in this action is impracticable.  Furthermore, the identity of the members of the Arizona Class will be determined from Defendants' records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the Arizona Class and Defendants.

81.  <u>Typicality</u>.  Plaintiffs' claims are typical of the Arizona Class because like the members of the Arizona Class, Plaintiffs were subject to Defendants' uniform policies and practices and was compensated in the same manner as others in the Arizona Class.  Defendants failed to pay non-exempt employees who worked at Bliss Showclub overtime wages for all of their overtime hours worked.  All members of the Arizona Class worked substantially more than eight (8) hours in a day and forty (40) hours in a workweek.  Plaintiffs and the Arizona Class were likewise not paid minimum wage for all of their hours worked.  Plaintiffs and the Arizona Class have been uncompensated and/or under-compensated as a result of Defendants' common policies and practices which failed to comply with Arizona law.

82.  <u>Adequacy</u>.  Plaintiffs are representative parties who will fairly and adequately protect the interests of the Arizona Class because it is in their interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under Arizona law.  Plaintiffs have retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiffs do not have any

interest which may be contrary to or in conflict with the claims of the Arizona Class they seek to represent.

83.   _Commonality_.   Common issues of fact and law predominate over any individual questions in this matter.   The common issues of fact include, but are not limited to:

a.   Whether Plaintiffs and the Arizona Class worked more than eight (8) hours in a day and/or worked more than forty (40) hours in a workweek;

b.   Whether Defendants failed to pay Plaintiffs and the Arizona Class overtime wages for all hours worked over eight (8) hours in a day or over forty (40) hours in a workweek; and

c.   Whether Defendants failed to pay Plaintiffs and Arizona Class the minimum wage for all hours worked.

84.   The common issues of law include, but are not limited to:

a.   Whether Defendants improperly classified Plaintiffs and the Arizona Class as exempt;

b.   Whether Plaintiffs and the Arizona Class are entitled to compensatory damages;

c.   The proper measure of damages sustained by Plaintiffs and the Arizona Class; and

d.   Whether Defendants' actions were "willful."

85.   _Superiority_.   A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.   Even in the event any member of the Arizona Class could afford to pursue individual litigation against companies the size of Defendants, doing so would unduly burden the court system.   Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.   Prosecution of separate actions by individual members of the Arizona Class

would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

86.   A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.   By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Arizona Class Members are promoted.   Additionally, class treatment in this matter will provide for judicial consistency.   The identity of members of the Arizona Class is readily identifiable from Defendants' records.

87.   This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on each Defendant to prove it properly compensated its employees; and (3) the burden is on each Defendant to accurately record hours worked by employees and meal periods taken.

88.   Ultimately, a class action is a superior forum to resolve the Arizona claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiffs and the Arizona Class according to applicable Arizona laws.

89.   <u>Nature of notice to be proposed</u>.  As to the Rule 23 Class, it is contemplated that notice would be issued giving putative class members an opportunity to opt out of the class if they so desire, *i.e*. "opt-out notice."  Notice of the pendency and resolution of the action can be provided to the Arizona class by mail, electronic mail, print, broadcast, internet and/or multimedia publication.

### DAMAGES SOUGHT

90.    Plaintiffs, FLSA Class Members, and Arizona Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

91.    Additionally, Plaintiffs, FLSA Class Members, and Arizona Class Members are entitled to recover their unpaid overtime compensation.

92.    Plaintiffs, FLSA Class Members, and Arizona Class Members are also entitled to all of the misappropriated funds.

93.    Plaintiffs and FLSA Class Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

94.    Plaintiffs and FLSA Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

95.    Plaintiffs and Arizona Class Members are entitled to an amount equal to wages owed, interest thereon, and an additional amount equal to twice the underpaid wages.  ARIZ. REV. STAT. ANN. § 23-364(G).

96.    Plaintiffs and Arizona Class Members are entitled to treble the amount of wages unpaid under Arizona Wage Law. ARIZ. REV. STAT. ANN. § 23-355(A).

97.    As the District of Arizona has previously concluded, the treble damages provision set forth in ARIZ. REV. STAT. ANN. § 23-355(A) may be applied to treble a liquidated damages award received under the FLSA pursuant to this Court's supplemental jurisdiction. *Davis v. Jobs for Progress*, 427 F. Supp. 479, 483 (D. Ariz. 1976).

98.     Plaintiffs and Arizona Class Members are entitled to recover attorney's fees and costs under ARIZ. REV. STAT. ANN. §§ 12-341, 12-341.01, 23-364(G).

## JURY DEMAND

99.     Pursuant to their rights under the Constitution of the United States, U.S. Const. amend VII, and Fed. R. Civ. P. 38(a), Plaintiffs hereby demands a trial by jury.

## PRAYER FOR RELIEF

100.    For these reasons, Plaintiffs, FLSA Class Members, and Arizona Class Members respectfully request that judgment be entered in their favor awarding the following relief:

       a.    Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

       b.    All unpaid wages at the FLSA mandated minimum wage rate;

       c.    All misappropriated funds;

       d.    An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

       e.    An amount equal to wages owed, interest thereon, and an additional amount equal to twice the underpaid wages pursuant to ARIZ. REV. STAT. ANN. § 23-364(G);

       f.    An amount equal to treble the amount of wages unpaid under Arizona Wage Law and liquidated damages pursuant to ARIZ. REV. STAT. ANN. § 23-355(A);

       g.    Prejudgment and post-judgment interest on unpaid back wages pursuant to the FLSA and/or ARIZ. REV. STAT. ANN. § 23-364(G);

       h.    Tolling of the statute of limitations;

i.    Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA and ARIZ. REV. STAT. ANN. §§ 12-341, 12-341.01, 23-364(G);

j.    In the event Defendants fail to satisfy any judgment for Plaintiffs with respect to the Arizona wage claims, an award that Defendants shall pay Plaintiffs an amount which is treble the amount of the outstanding judgment with interest thereon at the then legal rate in accordance with ARIZ. REV. STAT. ANN. § 23-360; and

k.    Such other and further relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

Dated this 4th day of March, 2014.

**KENNEDY HODGES, L.L.P.**

/s/ Galvin B. Kennedy
Galvin B. Kennedy (*pro hac vice* admission pending)
Beatriz Sosa-Morris (*pro hac vice* admission pending)
711 W. Alabama St.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

**Lead Attorney in Charge for Plaintiffs and Class Members**